# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# COLUMBIA DIVISION

| | |
|---|---|
| CAVORIS D. ABERNATHY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:17-cv-00081 |
| ) | Judge Trauger |
| SHERIFF BUCKY ROWLAND, et al., ) | |
| ) | |
| Defendants. ) | |

## **M E M O R A N D U M**

The plaintiff, proceeding *pro se*, is a pre-trial detainee at the Maury County Jail in Columbia, Tennessee. He brings this action pursuant to 42 U.S.C. § 1983 against Bucky Rowland, Sheriff of Maury County; and three members of his staff (Officers Glyeze, Covington and Hudson); seeking a transfer to another jail and damages.

The plaintiff has been classified for "super protective custody" and lives in a cell by himself. Docket Entry No. 1 at 6. On August 7, 2017, he was scheduled to appear in court. Officer Glyeze placed the plaintiff in shackles and moved him to a holding cell to await transportation to the courthouse. *Id.* Other inmates who also had court dates were moved to the same cell. The plaintiff claims that one of these inmates attacked him. *Id.*

After the attack, the plaintiff was returned to his cell. *Id.* He was not taken to court that day because it was thought that he had initiated the altercation with the other inmate. *Id.* No claims are made against Sheriff Rowland. The plaintiff does believe that Officer Glyeze is liable for placing him in a cell with other inmates. *Id.* He also alleges that Officers Covington and Hudson were

1

negligent for placing his security status on a board in the booking room where other inmates could see it and for failing to protect him from harm. *Id.*

This action is being brought against the defendants in their official capacities only. *Id.* at 2-3. Because the plaintiff in an official capacity action seeks damages not from the individually named defendants but from the entity for which the defendants are agents, Pusey v. City of Youngstown, 11 F.3d 652,657 (6th Cir.1993), "an official capacity suit is, in all respects other than name, to be treated as a suit against the entity." Kentucky v. Graham, 473 U.S. 159,166 (1985). In essence, then, the plaintiff's claims are not against the defendants. Rather, the plaintiff's claims are against Maury County, the municipal entity that operates the Maury County Jail. Hafer v. Melo, 502 U.S. 21, 25 (1991).

A claim of governmental liability requires a showing that the misconduct complained of came about pursuant to a policy, statement, regulation, decision or custom promulgated by Maury County or its agent, the Maury County Sheriff's Department. Monell v. New York City Department of Social Services, 98 S.Ct. 2018 (1978). In short, for Maury County to be liable under § 1983, there must be a direct causal link between an official policy or custom and the alleged constitutional violation. City of Canton v. Harris, 109 S.Ct. 1197 (1989). To establish the requisite causal link, the plaintiff has to "identify the policy, connect the policy to the county itself and show that the particular injury was incurred because of the execution of that policy". Garner v. Memphis Police Department, 8 F.3d 358, 363-64 (6th Cir.1993).

The plaintiff has offered nothing to suggest that his rights were violated pursuant to a policy or regulation of Maury County that led to him being attacked by another prisoner. Consequently, the plaintiff has failed to state a claim against the defendants acting in their official capacities.

In the absence of an actionable claim, the Court is obliged to dismiss the complaint *sua sponte*. 28 U.S.C. § 1915(e)(2).

An appropriate order will be entered.

ENTER this 5th day of September 2017.

_____
Aleta A. Trauger
United States District Judge